1

2

3

4                    **UNITED STATES DISTRICT COURT**
                         **DISTRICT OF NEVADA**
5                          **RENO, NEVADA**

6

7  DAVID D. MOON,                    )        3:09-CV-00298-ECR-VPC
                                     )
8       Plaintiff,                   )
                                     )
9  vs.                               )        <u>**Order**</u>
                                     )
10 COUNTRYWIDE HOME LOANS, INC.;     )
   BANK OF AMERICA; MORTGAGE         )
11 ELECTRONIC REGISTRATIONS          )
   SYSTEM, INC.; RECONTRUST COMPANY, )
12 INC.; "MERS",                     )
                                     )
13      Defendants.                  )
   ──────────────────────────────── )

14

15      Plaintiff in this case is the owner of a home in Sparks,

16 Nevada.  Defendants are Countrywide Home Loans, Inc., Bank of

17 America, Mortgage Electronic Registration Systems, Inc. and

18 Recontrust Company, Inc.  Now pending is Defendants' "Motion to

19 Dismiss First Amended Complaint" (#18).  Plaintiff opposed (#24) the

20 motion, and Defendants replied (#26).  The motion is ripe, and we

21 now rule on it.

22

23                **I. Factual and Procedural Background**

24      On March 16, 2006, Plaintiff purchased a home using borrowed

25 funds.  (Am. Compl. at 3-4 (#17).)  On March 22, 2007, Plaintiff

26 received a "Notice of Trustee Sale."  (Am. Compl. at 8 (#17).)[1]  On

27 ─────────────────────

28      [1] We provide few background facts in this Order because the
   Amended Complaint in this case contains almost no factual allegations.

May 14, 2009, Plaintiff filed a complaint in Nevada state court.  On
June 4, 2009, that case was removed (#1) to our Court.  On June 4,
2009, Plaintiff filed a Motion for Preliminary Injunction (#3).  On
June 29, 2009, Defendants filed a Motion to Dismiss (#7).  On July
17, 2009, Plaintiff filed a "Motion to Extend Time regarding
Discovery/Non-Dispositive matter to File Amended Complaint" (#12).
On July 28, 2009, Defendants filed a Motion to Strike (#13)
Plaintiff's "Motion to Extend Time regarding discovery/non
dispositive matter to file amended complaint" (#12).

On July 29, 2009, we denied Defendants' Motion to Strike (#13)
and Defendants' Motion to Dismiss (#7) and granted Plaintiff's
"Motion to Extend Time regarding discovery/non dispositive matter to
file amended complaint" (#12).  (Minute Order (#16).)  In our Order
(#16), we noted that though Defendants had stated several valid
grounds in support of their Motion to Strike, Plaintiff was
appearing pro se, and therefore should be given latitude and
permitted to file an amended complaint.  We did, however, permit
Defendants to renew their Motion to Dismiss (#7) after Plaintiff
filed an amended complaint, if appropriate.  (Minute Order (#16).)

On August 26, 2009, Plaintiff filed an Amended Complaint (#17).
On September 23, 2009, Defendants filed a Motion to Dismiss (#18).
On November 20, 2009, Plaintiff opposed (#24) the motion.  On
December 7, 2009, Defendants replied (#26).  On December 22, 2009,
Plaintiff filed a "Motion to Quash all Defendant's [sic] Pleadings
etc. and grant Plaintiff Summary Judgment for Defendant's [sic] and
Defendant's [Sic] Attorneys Failure to Appear Pursuant to F.R.C.P.
1, 5.1, 11, 17A, and Others." (#27)

## II. Motion to Dismiss Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  On a motion to dismiss, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original).  Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party."  In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001).  If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. Fed. R. Civ. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).  "A

court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." <u>Ritchie</u>, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." <u>Lee</u>, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." <u>Ritchie</u>, 342 F.3d at 908. Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. <u>Id.</u> at 909; <u>see</u> Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

**III. Analysis**

A. National Currency Act

The first claim in Plaintiff's Complaint is entitled "Violated the National Currency Act." Plaintiff appears to quote sections 27 and 53 of the National Currency Act.

4

1   The National Currency Act of 1863 and the National Bank Act of
2   1864 provided "for federal chartering of national banks." Clarke v.
3   Sec. Indus. Ass'n, 479 U.S. 388, 410-11 (1987). The National
4   Currency Act "authorized the formation of national
5   banks . . . . It prohibited any transfer of bank assets in
6   contemplation of insolvency or with a view to preferring one
7   creditor of the bank over another." Third Nat. Bank in Nashville v.
8   Impac Ltd., Inc., 432 U.S. 312, 316 (1977).

9   Plaintiff's Amended Complaint lacks any factual allegations
10  that could support a National Currency Act violation. Indeed, this
11  claim contains no factual allegations whatsoever. It will therefore
12  be dismissed.

13  B. Lack of Standing

14  Plaintiff's second claim is entitled "Lack of Standing
15  Defendant is not Holder in Due Course." The claim alleges
16  "defendant does not possess the original promissory note and has no
17  standing to foreclose." (Am. Compl. at 10 (#17).)

18  Defendants correctly note that Nevada law does not require
19  production of the original promissory note prior to non-judicial
20  foreclosure. The procedure for conducting a trustee's foreclosure
21  sale in Nevada is set forth in Nev. Rev. Stat. § 107.080. The
22  foreclosure process is commenced by the recording of a notice of
23  breach and election to sell by the beneficiary, the successor in
24  interest of the beneficiary, or the trustee. NEV. REV. STAT. §
25  107.080(2)(b)(2007). After the notice of default is recorded, three
26  months must elapse. Id. § 107.080(2)(c). Then, the trustee or
27  other person authorized to make the sale must give notice of the

28  

5

time and place of sale.  Id. § 107.080(4).  A sale is conducted, and
after the sale a trustee's deed is issued.  Nevada's foreclosure
statute, which is comprehensive, does not require production of the
original promissory note.  In the absence of any legislative
guidance, we decline to create such a requirement.  Plaintiff's
second claim will therefore be dismissed.

C. Fraud

Plaintiff's third claim is entitled "Fraudulent Concealment
Misrepresentation No Loan Ever Existed."  The claim alleges, inter
alia, that "the loan does not exist" and "the note has been
satisfied in full by third-party payment."  (Am. Compl. at 16-17
(#1).)

Rule 9(b) of the Federal Rules of Civil Procedure requires that
"[i]n alleging fraud or mistake, a party must state with
particularity the circumstances constituting fraud or mistake."
FED. R. CIV. P. 9(b).  A pleading is sufficient under Rule 9(b) if it
identifies the circumstances constituting fraud so that the
defendant can prepare an adequate answer from the allegations.  See
Neubronner v. Milken, 6 F.3d 666, 671 (9th Cir. 1993).  In addition,
allegations of fraud must be accompanied by "the who, what, when,
where, and how of the misconduct charged."  Vess v. Ciba-Geigy Corp.
USA, 317 F.3d 1097, 1106 (9th Cir. 2003).  Plaintiff's Amended
Complaint does not allege fraud or misrepresentation with sufficient
particularity so as to comply with Rule 9(b).  Moreover, the factual
allegations asserted under this claim are stated with such a lack of
clarity that they fail to give adequate notice to Defendants of the
allegations against them.  For example, Plaintiff alleges that "the

6

note is not evidence of a loan.  Since the above-described note
states that the referenced loan was an event that had allegedly
occurred at some unspecified date in the past, propr to the date the
above-described note was signed."  (Am. Compl. at 14 (#17).)
Plaintiff's third claim for relief thus cannot survive a motion to
dismiss.

> D. Elements of a Deed of Trust

Plaintiff's fourth claim is entitled "Elements of a Deed of
Trust."  The factual allegations underlying the claim are difficult
to comprehend.  The gravamen of this claim seems to be that the
contract between Plaintiff and Defendants was unconscionable because
"lenders, escrow companies, trustees, and the beneficiary's accept
these agreements beings they are not honest or fair."  (Am. Compl.
at 18 (#1).)  This allegation, even if true, cannot form the basis
of any actionable claim.  Plaintiff's fourth claim will thus be
dismissed.

> E. UCC Applicable to a Mortgage

Plaintiff's fifth claim is entitled "UCC applicable to a
mortgage."  In this claim, Plaintiff cites various sections of the
Uniform Commercial Code ("UCC"), and argues that he is the
"entitlement holder" under UCC 8-102(7), which generates an
"entitlement order" under UCC 8-102.

The UCC defines "Entitlement order" as "a notification
communicated to a securities intermediary directing transfer or
redemption of a financial asset to which the entitlement holder has
a security entitlement."  U.C.C. § 8-102(8).  "Entitlement holder"
means "a person identified in the records of a securities

intermediary as the person having a security entitlement against the securities intermediary.  If a person acquires a security entitlement by virtue of Section 8-501(b)(2) or (3), that person is the entitlement holder."  U.C.C. § 8-102(7).  Plaintiff pleads no facts that could plausibly support this claim.  Therefore, this claim will be dismissed.

### F. Altering a Negotiable Instrument

Plaintiff's sixth claim is entitled "Altering a Negotiable Instrument."  Plaintiff alleges, inter alia, that "Defendants illegally sold Plaintiff's unregistered instrument.  Plaintiff alleges and believes deeds of trust and mortgage deeds are always registered as evidences of debts . . . notes are never registered . . . selling un-registered securities is an automatic right of rescission of the original contract.  Plaintiff alleges and believes plaintiff possesses entitlement rights and possessory rights to Plaintiff's original note . . . it is negotiable."  (Am. Compl. at 21 (#17))(ellipses in original).  The remainder of the allegations underlying this claim are also difficult to understand.  Plaintiff additionally quotes large sections of Nev. Rev. Stat. § 90.605, which deals with the offering of false evidence and destruction of evidence.  The allegations underlying this claim are too convoluted and vague to demonstrate an entitlement to relief, let alone provide Defendants with fair notice.  Plaintiff's sixth claim for relief will therefore be dismissed.

### G. Qualified Written Request

Plaintiff's seventh claim for relief is entitled "Qualified Written Request."  Plaintiff alleges that he "mailed a Qualified

Written Request asking for all documents and disclosure of
Countrywide's transaction on March 2, 2009 and as of the filing of
this First Amended Complaint, Defendant has not responded within the
sixty day response under law."  (Am. Compl. at 23 (#17).)

This claim for relief appears to allege a violation of the Real
Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. ¶¶ 2601-2617.
RESPA requires that "[i]f any servicer of a federally related
mortgage loan receives a qualified written request from the borrower
(or an agent of the borrower) for information relating to the
servicing of such loan, the servicer shall provide a written
response acknowledging receipt of the correspondence within 20
days . . . unless the action requested is taken within such period."
12 U.S.C. § 2605(e)(1)(A).  RESPA defines a qualified written
request as:

> a written correspondence, other than notice on a payment
> coupon or other payment medium supplied by the servicer,
> that —
>
> (i) includes, or otherwise enables the servicer to
> identify, the name and account of the borrower; and
> (ii) includes a statement of the reasons for the belief of
> the borrower, to the extent applicable, that the account
> is in error or provides sufficient detail to the servicer
> regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B)

Plaintiff attached his alleged qualified written request to the
Amended Complaint.  Though in the body of Plaintiff's Complaint,
Plaintiff claims that he sent a qualified written request to
Countrywide, (See Am. Compl. at 8 (#17)), it appears that the
alleged qualified written request is a letter sent to Recontrust
Property.  The letter contains over one hundred questions and

9

1  demands for information ranging from "Please tell me how property

2  inspections are beneficial to me?" to "Do you consider the payment

3  of inspection fees as a cost of collection? Yes or no?" to "Please

4  explain to me your policy on forced-placed insurance."  (<u>See</u> Am.

5  Compl. Ex. B (#17).)  The letter requests an enormous amount of

6  information, and is more akin to a discovery demand than a qualified

7  written request.

8       Nevertheless, Plaintiff's claim fails for other reasons:

9  Plaintiff fails to allege that Recontrust is a "servicer" within the

10 meaning of RESPA and Plaintiff fails to allege he suffered any

11 pecuniary loss as a result of the alleged RESPA violation.

12 "Servicer" is defined in the statute as "the person responsible for

13 servicing of a loan (including the person who makes or holds a loan

14 if such person also services the loan)."  12 U.S.C. § 2605(i)(2).

15 Plaintiff's Amended Complaint contains no factual allegations that

16 would support the notion that Recontrust is the servicer of

17 Plaintiff's loans.  Indeed the allegations suggest that Countryside

18 was the servicer of Plaintiff's loans.  In addition, Plaintiff does

19 not allege that he suffered any damage as a result of this alleged

20 RESPA violation.  Even if Recontrust was the servicer of Plaintiff's

21 loan and failed to respond to a qualified written request, such

22 failure alone does not substantiate a RESPA claim.  Plaintiff must

23 have also suffered pecuniary loss to support a RESPA violation.  <u>See</u>

24 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this

25 section shall be liable to the borrower ... [for] any actual damages

26 to the borrower as a result of the failure ...."); <u>Hutchinson v. Del.</u>

27 <u>Sav. Bank FSB</u>, 410 F. Supp. 2d 374, 383 (D. N.J. 2006) ("However,

28                                        10

alleging a breach of RESPA duties alone does not state a claim under RESPA.  Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages."); Lal v. American Home Servicing, Inc., ---- F. Supp. 2d ----, No. 2:09-cv-01585-MCE-DAD, 2010 WL 225524, at *4 (E.D. Cal. Jan. 19, 2010)(dismissing RESPA claim because Plaintiff failed to plead pecuniary loss as a result of the alleged RESPA violation).  Plaintiff's RESPA claim fails, and will be dismissed.

**IV. Leave to Amend**

Under Rule 15(a) leave to amend is to be "freely given when justice so requires."  In general, amendment should be allowed with "extreme liberality."  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).  If factors such as undue delay, bad faith, dilatory motive, undue prejudice or futility of amendment are present, leave to amend may properly be denied in the district court's discretion.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003).

We have already given Plaintiff leave to amend his Complaint once.  His Amended Complaint (#17) is fatally deficient.  Though we are aware that Plaintiff is appearing pro se, and understand how daunting it can be to attempt to navigate our legal system without the assistance of an attorney, we will not grant Plaintiff leave to amend his Amended Complaint because granting leave to amend would likely be futile.  After carefully analyzing Plaintiff's Amended Complaint (#17) and opposition (#24) to the present motion, we can

11

discern no facts that could potentially support a claim for relief.
Leave to amend will therefore be denied.

### V. Conclusion

Plaintiff has failed to state a claim upon which relief could
be granted.  Because we have already given Plaintiff one opportunity
to amend his complaint, and he has still failed to state a single
plausible claim for relief, we conclude that further leave to amend
would be futile.

**IT IS, THEREFORE, HEREBY ORDERED THAT** Defendants' "Motion to Dismiss
First Amended Complaint" (#18) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiff's "Motion to Quash all
Defendant's [sic] Pleadings etc. and grant Plaintiff Summary
Judgment for Defendant's [sic] and Defendant's Attorneys Failure to
Appear Pursuant to F.R.C.P. 1, 5.1, 11, 17A, and Others" (#27) is
**DENIED** as moot.

The Clerk shall enter judgment accordingly.

DATED: February 9, 2010.

_Edward C. Reed._
_____
UNITED STATES DISTRICT JUDGE

12